| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | WESTERN DISTRICT OF TEXAS MIDLAND/ODESSA DIVISION |

| | | |
|---|---|---|
| GWINDOLYN HICKS, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | No. 7:21-cv-00003 |
| TRC SERVICES OF TEXAS, INC., | § § § | |
| *Defendant*. | § § | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Gwindolyn Hicks (referred to as "Plaintiff" or "Hicks") complaining of TRC Services of Texas, Inc. ("Defendant") and for cause of action shows:

#### A. NATURE OF THE CASE

1. Plaintiff Gwindolyn Hicks is a former employee of TRC SERVICES OF TEXAS, INC. She alleges that she was discriminated against, sexually harassed, and suffered retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 and Chapter 21 of the Texas Labor Code, Sections 21.051-21.055.

#### B. PARTIES

2. Plaintiff Gwindolyn Hicks is an individual residing in Midland County, Texas.

3. Defendant is a Texas corporation that may be served with process by serving its registered agent, Gary S. Glesby, 3040 Post Oak Boulevard, 13th Floor, Houston, Texas 77056. Alternatively, if the registered agent of TRC Services of Texas, Inc. cannot with reasonable diligence be found at the company's registered office, TRC Services of Texas, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

4. Additionally and alternatively, Plaintiff invokes the doctrine of *respondeat superior*. At all relevant times, Carlos Angeles, Sr. was an employee, and agent of Defendant in the course and scope of employment and agency and subject to Defendant's control. Therefore, Defendant is vicariously liable for the acts and omissions of Carlos Angeles, Sr.

5. Whenever in this Petition it is alleged that Defendant did or failed to do any act or thing, it is meant that either such Defendant personally engaged in such conduct, or that such Defendant's governing body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's governing body, directors, vice principals, officers, managers, agents, servants, employees and/or representatives.

## C. JURISDICTION & VENUE

6. The Court has subject matter jurisdiction over this case because it arises under the laws of the United States and is brought to recover damages for deprivation of equal rights.

28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over the Texas Labor Code § 21.051 and §21.055, because the state law claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. On March 5, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission. On October 23, 2020 and December 23, 2020, Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission and Texas Workforce Commission, respectively. Plaintiff brought this action within 90 days of receiving the notice of right to sue. Plaintiff has exhausted all administrative prerequisites to bringing this action.

8. All conditions precedent to filing this lawsuit and as required by law have been performed or have occurred.

9. Venue is proper in this judicial district court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(f)(3), because Title VII cases may be brought in any judicial district in the State in which any unlawful employment practice is alleged to have been committed and the acts complained of were committed within the Midland/Odessa Division of the Western District of Texas.

### D. STATEMENT OF THE FACTS

10. Defendant purports to be a company that provides sucker rods, which are steel rods used in the oil industry to join together the surface and downhole components of a pump in an oil-well.

11. Defendant is located in Midland, Texas; it is within the jurisdiction of this court.

12. Plaintiff was hired by Defendant in approximately July of 2019 as the executive assistant to Carlos Angeles, Sr., the operations manager.

13. From the time she was hired, Carlos Angeles, Sr. subjected her to unwelcomed sexual harassment, including inappropriate touching and numerous text messages.

14. He surreptitiously got Plaintiff's address from her personnel file and arrived at her home after work. Plaintiff was shocked and fearful.

15. While at her home, Carlos Angeles, Sr. forcibly kissed Plaintiff.

16. Mr. Angeles also purchased her a cell phone and claimed it was for business use; however, he used the cell phone to send inappropriate text messages to her.

17. On October 30, 2019, Plaintiff complained through her attorney, when her attorney forwarded a letter of representation to Defendant.

18. Immediately after Plaintiff's complaint, Defendant began to retaliate against her.

19. Defendant claims to have investigated Plaintiff's complaint. Upon its conclusion, Defendant terminated Mr. Angeles.

20. Surprisingly, on March 3, 2020, and in direct retaliation of her complaint of sexual harassment, Defendant further abruptly terminated Plaintiff and *rehired* Mr. Angeles.

21. Prior to Plaintiff's complaint of sexual harassment, Defendant was aware of Mr. Angeles' previous sexual harassment of other females, but ignored it.

## E. CAUSES OF ACTION

**COUNT ONE- TITLE VII AND TEXAS COMMISSION ON HUMAN RIGHTS ACT – GENDER DISCRIMINATION/SEXUAL HARASSMENT AND RETALIATION**

22. Plaintiff incorporates by reference the facts set forth in the preceding paragraphs.

23. Plaintiff is an employee within the meaning of Title VII and the Texas Labor Code and belongs to a class protected under the statute, namely, she is a female. See 42 U.S.C. §2000e(f) and Texas Labor Code § 21.002(7).

24. Defendant is an employer within the meaning of Title VII and the Texas Labor Code. See 42 U.S.C. §2000e(b) and Texas Labor Code § 21.002(8).

25. Defendant's actions, either through itself or its agents, representatives and/or employees, constituted unlawful gender discrimination/sexual harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 and the Texas Labor Code § 21.051 and § 21.055.

26. Plaintiff suffered gender discrimination. She was a female that was qualified for her position. She subsequently suffered an adverse employment action, *i.e.* termination.

27. Plaintiff was subjected to sexual harassment based upon unwelcomed sexual advances by male supervisor Carlos Angeles, Sr. Throughout the night, Mr. Angeles, Sr. repeatedly asked Plaintiff for sex. She declined his advances. The harassment was based upon her membership in the protected class, the harassment affected a term, condition or privilege

of her employment and Defendant knew or should have known of the harassment and failed to take prompt remedial action.

28. The harassment affected a term, condition, or privilege of Plaintiff Hicks' employment, in that it was sufficiently severe or pervasive to create a work environment that is both subjectively and objectively abusive, *i.e.* one that Hicks perceives as abusive and one that a reasonable person would find hostile or abusive.

29. After Plaintiff complained of sexual harassment, Defendant retaliated against her by terminating her.

30. As a result of Defendant's discrimination/sexual harassment and retaliation, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to lost wages and benefits associated with her employment.

31. As a further result of Defendant's discriminatory/sexually harassing and retaliatory conduct, Plaintiff has suffered non-pecuniary losses, including *inter alia*, humiliation, damages to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses.

32. Defendant has acted and continues to act with malice and/or reckless indifference to Plaintiff's state-protected rights, thereby entitling her to punitive damages under Title VII and the TEXAS LABOR CODE § 21.2585.

33. Defendant's discriminatory/sexually harassing and retaliatory conduct forced Plaintiff to retain the assistance of counsel in order to redress the harms inflicted on her.

Consequently, Plaintiff seeks reasonable attorneys' fees, expert fees, and court costs. *See, e.g.,* 42 U.S.C. § 1988 and the Texas Labor Code § 21.259.

## F. JURY REQUEST

34. Plaintiff requests a trial by jury. *See*, Fed. R. Civ. P. 38.

## G. PRAYER

35. Plaintiff prays for the following relief:

    a. for back pay, plus prejudgment interest as provided by law, from the date of her termination until the date of judgment;

    b. for an award of the present value of front pay due to him for a reasonable period following the date of the judgment, calculated as of the date of judgment;

    c. for compensatory damages including emotional pain, suffering, inconvenience, and mental anguish;

    d. for additional compensatory damages for severe mental anguish in the past and future, injury to her reputation, for adverse effects of her career, and for diminished earning capacity resulting from the discriminatory/sexually harassing and retaliatory actions of Defendant;

    e. for exemplary and/or punitive damages against Defendant in a sum determined by the trier of fact to punish and deter continuation of Defendant's unlawful employment practices;

    f. for reasonable attorney's fees and costs and expenses related to the litigation of this claim;

    g. prejudgment interest at the applicable rate;

    h. postjudgment interest at the applicable rate; and

    i. judgment for all the other relief to which Plaintiff deems herself entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
    Melissa Moore
    State Bar No. 24013189
    Rochelle Owens
    State Bar No. 24048704
    Curt Hesse
    State Bar No. 24065414
    Lyric Center
    440 Louisiana Street, Suite 675
    Houston, Texas 77002
    Telephone: (713) 222-6775
    Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record on the 12th day of January 2021 via the Court's CM/ECF system.

_____
Melissa Moore